■    In the Matter of TINA XX. and Another, Children Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; BEVERLY Q., Respondent.—Appeal from an order of the Family Court of Delaware County, entered February 5, 1979, which dismissed the petition seeking to have respondent's children adjudged to be permanently neglected, continued the children in foster care and directed petitioner to provide visitation between the children and respondent at its own expense. The two children who are the subjects of this proceeding, Tina, born August 16, 1966, and Roberta, born July 16, 1970, were first placed in foster care on July 12, 1971, and they have been in their present foster home since January 10, 1973. In 1975, the Family Court of Delaware County adjudged the children to be permanently neglected in an order which was subsequently reversed by this court without prejudice to the commencement of a new neglect proceeding should the future situation so warrant (see Matter of Tina XX, 52 AD2d 975). Subsequently, on April 20, 1978, a second neglect petition was filed by petitioner Delaware County Department of Social Services, and following a hearing thereon, the court dismissed the petition in an order entered in Delaware County on February 5, 1979. In the subject order, the court, on its own motion, also continued the children in foster care until September 1, 1979, and during the interval until that date, petitioner was directed to provide visitation between the children and respondent mother at its own expense. Petitioner and respondent were further directed to make investigations and preparations for the possible future return of the custody of the children to respondent. This appeal has ensued. Initially, we hold that the dismissal of the neglect petition should be affirmed. Although respondent had admittedly not visited the children since she moved to California in 1976, her failure to visit is largely explained by the great distance and expense involved in a trip back to New York from California, and she has maintained frequent contact with the children by letters and telephone calls, and by sending cards and presents for special occasions. Additionally, the evidence indicates that she has also planned for the future of the children in that she has married, and she and her husband have achieved financial stability and established a

suitable and well-maintained home in California. Most significantly, this progress has apparently been made even though petitioner expended little or no effort to encourage and strengthen the parental relationship, and petitioner's failure to act is not justified merely because the children are highly emotional and might experience some adjustment problems if they moved to California to live with their mother. These circumstances surely do not warrant the permanent severance of the filial bond, "one of the strongest, yet most delicate, and most inviolable of all relationships" *(Matter of Corey L v Martin L,* 45 NY2d 383, 392). Upon the instant record, the Family Court properly concluded that there was an insufficient evidentiary basis for an adjudication that the subject children were permanently neglected (see Social Services Law, § 384-b, subd 7, par [a]). Similarly, the court did not err in continuing foster care for the children until September 1, 1979 on its own motion. The court's obvious intent was that foster care should continue while preparations were being made for the eventual return of custody of the children to respondent, and it was clearly authorized to modify orders of placement on its own motion as the facts of individual cases may require (see Family Ct Act, §§ 1061, 1065, subd [a]). Furthermore, both petitioner and respondent had a full opportunity to be heard on the issue of placement at the hearing on the neglect petition. Lastly, we agree with petitioner that the court's order directing petitioner to provide visitation between the children and respondent at its own expense must be reversed. Although petitioner does have a statutorily imposed duty to make suitable arrangements for respondent to visit her children (Social Services Law, § 384-b, subd 7, par [f], cl [2]), there is no requirement that petitioner fund the visits, and such funding would be particularly inappropriate here where respondent has a substantial income and the visit would involve a great expense. Order modified, on the law and the facts, by reversing so much thereof as directs petitioner to pay for visitation between respondent and the subject children, and, as so modified, affirmed without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.